[No. 15384.   Department One. —October 24, 1893.]

# T. C. BETHELL, RESPONDENT, *v.* C. W. ROGERS, APPELLANT.

APPEAL—TIME FOR FILING TRANSCRIPT—CERTIFICATE OF COUNSEL—CONSTRUCTION OF RULES.—Rule XI of the supreme court providing that if a party shall present to the attorney of the adverse party a transcript upon appeal in a civil cause, and request his certificate that the same is correct, and said attorney, upon such request, shall, for a period of five days, neglect or refuse to join in such certificate, the costs of procuring a proper certificate shall be taxed against him, does not supersede the provision of rule II, which requires the transcript to be filed within forty days after taking the appeal, nor does it extend the time for filing the transcript until the expiration of the period given to the adverse party to examine the same.

ID.—NEGLECT OF APPELLANT—DISMISSAL OF APPEAL.—Where an appellant allowed nearly sixty days to elapse after the taking of the appeal before.he caused the transcript upon appeal to be sent to the attorney for respondent for his certificate to its correctness, and waited until nearly a year thereafter before he filed it, a motion to dismiss the appeal made before the filing of the transcript will be granted.

MOTION to dismiss an appeal from an order of the Superior Court of Contra Costa County denying a new trial.

The facts are stated in the opinion of the court.

*A. D. Splivalo,* for Appellant.

*W. S. Tinning,* for Respondent.

HARRISON. J.—Motion to dismiss the appeal.

Judgment was rendered in this case in favor of the plaintiff, June 24, 1890, and an order was afterwards made denying defendant's motion for a new trial. From this order the defendant appealed on the 29th of April, 1892. May 25, 1893, the respondent gave notice to the appellant of this motion to dismiss the appeal, upon the ground that the appellant had failed to file the printed transcript of the record within the time prescribed by rule II of this court. At the time of giving the notice the transcript on appeal had not been filed and was not filed until June, 1893.

It appears from the affidavits that in the latter part of June, 1892, Mr. Weller, at the request of the attorney for the appellant, went to the office of the attorney for the respondent in Martinez and there met W. S. Wells, who informed him that the attorney for the respondent was absent from the county of Contra Costa; that said attorney for the respondent was in fact absent from said county, and did not return thereto until about the 6th of July; that Weller asked affiant to certify to said transcript for said respondent's attorney, but was informed that he had no authority to act in the matter; that Weller thereupon requested him to forward the transcript to the said attorney by mail, which Wells agreed to do, and which he did; that said attorney was at that time at Cazadero, but did not receive the transcript so forwarded to him; that after his return to Martinez, respondent's attorney received a letter from the attorney for the appellant requesting him to return said transcript, and that he endeavored to trace the same through the mail, but failed to do so, and never did receive said original transcript, and had no other communication with appellant's attorney until after the present notice to dismiss the appeal was given.

Rule XI of this court provides that if a party shall present to the attorney of the adverse party a transcript on appeal in a civil cause, and request his certificate that the same is correct, and said attorney upon such request shall for a period of five days neglect or refuse to join in such certificate, the costs of procuring a proper certificate from the clerk shall be taxed against him. This rule does not supersede the provision of rule II which requires the transcript to be filed within forty days after taking the appeal, nor does it extend the time for filing the transcript until the expiration of the period given to the adverse party to examine the same. At the time that the transcript was left with Wells to be forwarded to the respondent's attorney nearly sixty days had elapsed after the appeal had been taken, and, if it could be assumed that his construction of rule XI

gave him five days' additional time, he has presented no excuse for his neglect to file the transcript at the expiration of that period, or at least as soon as he had every reason to believe that the attorney for the respondent did not intend to certify to its correctness.

The appeal is dismissed.

PATERSON, J., and GAROUTTE, J., concurred.